# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

―――――――――――――――――――――

**CLAYTON THOMAS,**

     Plaintiff,

v.

**COUNTY OF MONTCALM**,
and
**MICHAEL WILLIAMS,**
**MONTCALM COUNTY SHERIFF,**
and **KRISTEN MILLARD,**
**CLERK OF MONTCALM COUNTY,**
in their official
and personal capacities,

     Defendants.

Case No. 1:25-CV-

Hon. _____

―――――――――――――――――――――――――――――――――――――――――――――

# COMPLAINT AND JURY DEMAND
―――――――――――――――――――――――――――――――――――――――――――――

Plaintiff Clayton Thomas, by and through his attorneys, Pinsky Smith, PC, states as follows:

## JURISDICTION, PARTIES, AND VENUE

1.    This is an action seeking declaratory and injunctive relief, as well as damages, for:

- violation of Plaintiff's rights to free speech and petition under the First Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, and under Article 1, Sections 3 and 5 of the Michigan Constitution;

- violation of Plaintiff's rights to right to due process and equal protection under the Fourteenth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, and under Article 1, Sections 2 and 17 of the Michigan Constitution;

- violation or infringement of Plaintiff's rights to right to bear arms under the Second Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, and under Article 1, Section 6 of the Michigan Constitution; and

- entry of declaratory judgment that Mich. Comp. Laws § 123.1102 pre-empts Defendants' actions to enact, enforce, or otherwise regulate pistol possession that is already regulated by Michigan's Concealed Pistol Licensing Act, Mich. Comp. Laws § 428.421, et seq.

## Jurisdiction

2.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## Parties

3.    Plaintiff Clayton Thomas is a resident of Montcalm County, in the Western District of Michigan.

4.    Defendant Montcalm County (also referred to as "the County") is a local unit of government organized pursuant to the laws of the state of Michigan. It is located in the Western District of Michigan.

5.    Defendant Michael Williams is the Sheriff of Montcalm County (also referred to as "the Sheriff"). Upon information and belief, Defendant Williams is a resident of Montcalm County, within the Western District of Michigan.

6.    Defendant Kristen Millard is the Clerk of Montcalm County (also referred to as "the Clerk"). Upon information and belief, Defendant Millard is a resident of Montcalm County, within the Western District of Michigan.

### Venue

7.    The acts that are the subject of this action occurred in Montcalm County.

8.    Venue is proper within this judicial district under 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

### *Thomas retires from the County Sheriff's Department*

9.    Plaintiff is a Deputy Sheriff who retired from the Sheriff's Department of Montcalm County after 13 years of service.

10.    Prior to his retirement, in 2018, Mr. Thomas was severely injured in an off-duty automobile accident for which he was not at fault. Mr. Thomas spent a year on disability leave while he received intensive rehabilitation for his injuries. On the advice of his physician, effective December 1, 2019, he took a nonduty disability retirement.

11.    Mr. Thomas qualified for and has been receiving monthly nonduty disability retirement benefits since December 1, 2019.

12.    His monthly pension benefit is a negotiated retirement benefit he receives under the pension plan for his service with the Sheriff's department, a

retirement benefit now administered by the Municipal Employees Retirement System ("MERS").

13.     Under Michigan law, MERS has administrative authority to establish whether a participant meets the definition of a nonduty disability retiree under the terms of the retirement plan, not the Sheriff.

14.     Montcalm County law enforcement officers who retire in good standing customarily received a "retirement sleeve," a framed sleeve from the retired employee's uniform that contains a certificate of retirement signed by the Sheriff. The union pays for the sleeve out of dues paid by Mr. Thomas and other union members. The cost to the County or Sheriff to prepare the certificate of retirement is de minimis.

15.     After his recovery and retirement, Mr. Thomas learned about the retirement sleeve and asked the Sheriff and his union representative about receiving one. However, the Sheriff did not respond to multiple requests from the union about completing the certificate of retirement so Mr. Thomas could receive the retirement gift from his union.

16.     Mr. Thomas continued to pursue the matter. He had been honored to serve as a Deputy Sheriff and the retirement gift was important to him.

*Michigan CPLA and Qualification for a CPL License With Exemption*

17.     The State of Michigan provides that the Clerk "shall issue" a concealed pistol license if the applicant satisfies the application requirements in Mich. Comp. Laws § 428.425b(7) of Michigan's Concealed Pistol Licensing Act ("CPLA"), Mich. Comp. Laws § 28.421, et seq. The Clerk "shall include" an indication if the license is exempt if the applicant has "acceptable proof."  Mich. Comp. Laws § 28.425b(13). A

4

retired law enforcement officer who retired in good standing is "exempt." Mich. Comp. Laws § 28.425o(5)(b). An exempt CPL license permits a retired law enforcement officer to carry a concealed weapon in more areas within the state than a CPL license without an exemption.

18.    Michigan's CPLA defines "retired law enforcement officer" and "retired in good standing":

> (o)    "Retired police officer" or "retired law enforcement officer" means an individual who was a police officer or law enforcement officer who was licensed or certified as described in the Michigan commission on law enforcement standards act, 1965 PA 203, MCL 28.601 to 28.615, and retired in good standing from the individual's employment as a police officer or law enforcement officer. *A police officer or law enforcement officer retired in good standing if the individual receives a pension or other retirement benefit for the individual's service as a police officer or law enforcement officer* … ."

Mich. Comp. Laws § 28.421o (emphasis added).

19.    Under the terms of Mich. Comp. Laws § 28.421o, Mr. Thomas retired in good standing because he is receiving a pension or other retirement benefit for his service as a law enforcement officer.

20.    By defining the term "retired in good standing," the CPLA removed discretion to determine whether a law enforcement officer has retired "in good standing."

21.    The CPLA lists two forms of "acceptable proof" in the alternative to present to a County Clerk to establish that an applicant is an eligible retired law enforcement officer who retired in good standing – "the officer's retired identification **or** a letter from a law enforcement agency stating that the retired police officer or law

enforcement   officer   retired   in   good   standing." Mich.   Comp.   Laws   §
28.425b(22)(a)(i)(emphasis added).

22.    Sheriff Williams first issued Mr. Thomas a photo retirement
identification card ("retirement ID") on or before December 2, 2019, the day after Mr.
Thomas retired.  Mr. Thomas told the Sheriff that he needed it to apply for an exempt
CPL license to show that he retired in good standing. He and the Sheriff discussed
the option of the Sheriff writing a new letter of good standing or whether a prior letter
the Sheriff had written would suffice. The Sheriff then provided the retirement ID
and renewed it every 1-2 years thereafter.

23.    In 2019, using his retirement ID, Mr. Thomas applied for and received
an exempt CPL license from the Montcalm County Clerk.

24.    A CPL license is valid for five years.

### August 2024 Speech and Petition About the Sheriff

25.    After he retired, Mr. Thomas was a private citizen and no longer a public
employee.

26.    On August 26, 2024, he attended a Montcalm Board of Commissioners
meeting to ask the Board to direct the Sheriff to provide a certificate of retirement
needed to complete his retirement sleeve or, in the alternative, for the Board to issue
the certificate instead. At the meeting, Mr. Thomas learned from a commissioner that
the Sheriff denied that Mr. Thomas had retired and instead claimed that he had
medically resigned. Mr. Thomas responded at the meeting that he had a retirement
ID issued by the Sheriff and had used it – appropriately and legally – to receive an

exempt pistol license as a retired law enforcement officer. The Commissioners had many questions, and they debated their authority to help Mr. Thomas or to override the Sheriff's inaction. The press covered the dispute.

### August 2024 Response by the Sheriff

27.    On August 30, 2024, four days after Mr. Thomas first spoke to the Board and asked for help with his retirement sleeve, the Sheriff wrote the County Clerk to urge her to not accept retirement ID issued by the Sheriff as "acceptable proof" for retired Sheriff's department officers who apply for exempt pistol applications. The letter said the Sheriff would write a letter of good standing for retired Sheriff's department officers who currently had a retirement ID

28.    The Sheriff wrote the letter in response to Mr. Thomas's request for help and the related discussion at the August 26 Board meeting, which the Sheriff confirmed in an email to Mr. Thomas dated December 17, 2024.

### September 2024 Speech and Petition About the Sheriff

29.    Mr. Thomas later appeared at the September 23, 2024, Board of Commissioners meeting making public comments asking again for help and for an update about his request for a certificate of retirement. This also appeared in the press. At the time he made these comments, he did not know about the Sheriff's August 30 letter to the County Clerk.

### August 2023 Speech and Petition About the Clerk

30.    The previous year, Mr. Thomas publicly criticized the County Clerk at an August 14, 2023, Board of Commissioners meeting. His wife worked as an

Administrative Assistant to the County Clerk. She had filed a claim against a local attorney for sexually harassing her at work, and the County Clerk did not address it. Mr. Thomas spoke at a public Board of Commission meeting to ask for their help and say that the safety and security of employees is part of effective County leadership. He also asked for the Clerk to either step down or for the Board to suspend her until the investigation was completed. The Board did not agree to Mr. Thomas's requests. Mrs. Thomas then left her position with the County, her sexual harassment complaints unaddressed.

### *Mr. Thomas's attempt to renew his exempt CPL license in November 2024*

31.    In November 2024, Mr. Thomas went to the County Clerk to apply for the renewal of his exempt CPL license.  He proffered his completed application and payment and his current, unexpired retirement ID.

32.    Mr. Thomas's 2019 exempt license was also still valid at the time he went to renew it in November 2024.

33.    Plaintiff Thomas's most recent retirement ID states, "CLAYTON THOMAS, Retired in Good Standing, RETIRED Deputy Sheriff". It is signed by the Montcalm County Sheriff Michael Williams, carries the insignia of the Montcalm County Sheriff's Department, and has an expiration date of December 31, 2024.

34.     However, the County Clerk refused to accept his application based at least in part on the August 30, 2024, letter to her from the Sheriff.

35.    In his August 30, 2024, letter to the Clerk, the Sheriff did not revoke Mr. Thomas's ID, nor state that any of the information on the retirement ID was wrong,

nor that the ID had been issued in error (none of which would be true).

36.     Under the terms of the CPLA, a county clerk cannot require an applicant to submit additional documents, letters, or other evidence of eligibility for obtaining a license:

> "The county clerk shall not require the applicant to submit any additional forms, documents, letters, or other evidence of eligibility for obtaining a license to carry a concealed pistol except as set forth in subsection (1) or as otherwise provided for in this act." Mich. Comp. Laws § 28.425b(2).

37.     Mr. Thomas explained to the Clerk that he was eligible for an exempt CPL permit under the terms of the CPLA and that she had issued him his current permit using retirement ID issued by the Sheriff. The Clerk responded by saying "then sue me," or words to that effect.

### December 2024 speech and petition about the Sheriff and Clerk

38.     On December 3, 2024, Thomas wrote a letter to the Clerk that asked her to reconsider her refusal to accept his application for an exempt license because he qualified under the terms of the statute. In the letter he questioned the Sheriff's actions and authority to urge the Clerk to not accept retirement ID for Sheriff department retirees and asked her to confer with the Sheriff about his eligibility. Mr. Thomas also said he would be willing for the Sheriff to prepare a letter of good standing -- as the Sheriff said in his August 2024 letter he would do for retired Sheriff's department employees currently holding a retirement ID -- and asked the Clerk to present that option when the Clerk conferred with the Sheriff.

39.     Upon information and belief, the Clerk shared Thomas's letter with the Sheriff.

*December 2024 Response by the Sheriff*

40.    The day after Mr. Thomas's December 3 letter to the Clerk, the Sheriff issued a new Sheriff's department policy (Policy 140, Post separated employees, dated 12-4-24) that stated certain retirement benefits and "acceptable proof" of retirement would only be given to regular retirees and retirees with duty-related disabilities, deliberately excluding any employee who retired with a non-duty disability.

41.    To his knowledge, Mr. Thomas is the only surviving non-duty disability retiree from the Sheriff's department.

42.    The retirement benefits addressed by the new policy included a certificate of retirement prepared by the Sheriff for the retirement sleeve, a retirement ID, a letter of retirement in good standing, a retirement plaque, and a retirement cake and coffee. The policy states it is retroactive. The policy also states the Sheriff has the power to unilaterally revoke any retirement ID at any time for any reason.

43.    The effect of this new policy is to permanently deny non-duty disability retirees (but Mr. Thomas in particular) from ever again receiving nonexempt pistol licenses under the Michigan CPLA because the Sheriff will never provide them with "acceptable proof."

44.    In December 2024, Mr. Thomas emailed the Sheriff asking to have his retirement ID renewed because it expired at the end of the month, as it had been renewed every year since his 2019 retirement (except in 2023 when the Sheriff renewed it for two years). The Sheriff responded that Mr. Thomas was not eligible for

10

a retirement ID because "in light of recent events" he had issued a new policy under which Mr. Thomas was not eligible for a retirement ID.

45.    Mr. Thomas then emailed the Sheriff to ask what he meant by "recent events." The Sheriff explained in his December 17 response that he had issued the policy in response to Mr. Thomas's criticisms and request for help about the Sheriff's actions at Board meetings:

> "Well, I … had Commissioners and the news agency asking why I had issued what and to whom because of your complaints at board meetings. …"

The Sheriff further stated that he wrote the policy "so not to appear arbitrary in how these things are handled."

46.    Mr. Thomas later emailed the Sheriff asking him to revoke the exclusions for non-duty disability retirees from the Sheriff's new policy. The Sheriff refused to do so.

47.    The Sheriff continues to refuse to acknowledge that Mr. Thomas retired in good standing.

### December 2024 Response by the Clerk

48.    On December 16, 2024, in response to Mr. Thomas's December 3, 2024 letter asking her to reconsider her refusal to accept his CPL renewal application, the Clerk sent Mr. Thomas a letter that again refused to accept his exempt CPL application. The Clerk announced a new policy that she would only accept a letter of good standing from the Sheriff as proof of retirement status - with "no exceptions." In other words, she would no longer accept retirement IDs for retired Sheriff

department employees, despite the terms of the CPLA which list retirement ID as "acceptable proof."

### The Sheriff's Past Responses to Mr. Thomas's Protected Speech While Mr. Thomas Was a Deputy Sheriff for the County

49.     The Sheriff has a history of retaliation against Mr. Thomas's exercise of protected free speech. In 2016, when Mr. Thomas was still working for the County as a Deputy Sheriff, Mr. Thomas supported his patrol partner, not the current Sheriff, during the elections for Montcalm County Sheriff. The race was a bitter one. Since that time, Mr. Thomas has faced employment repercussions from the current Sheriff.

50.     After the election, the Sheriff gave him the least desirable shifts and assignments.

51.     The Sheriff issued a cellphone policy that prohibited Mr. Thomas from using his personal cellphone for necessary mapping and communications when the County-provided radio system was out of range in the remote parts of the county to which the Sheriff usually assigned Mr. Thomas. This policy applied only to Mr. Thomas. Mr. Thomas grieved this policy until the time of his 2018 accident that led to his non-duty disability retirement.

52.     The Sheriff issued a policy about coverage of visible arm tattoos that required Mr. Thomas to wear long sleeves in the summer, a policy that applied only to Mr. Thomas. After Mr. Thomas retired, the Sheriff rescinded the policy.

## COUNT I – VIOLATION OF THE FIRST AMENDMENT TO THE U.S. CONSTITUTION – 42 U.S.C. § 1983 AS TO ALL DEFENDANTS
### Freedom of Speech and Petition

53.    Mr. Thomas relies on the allegations of all prior paragraphs, as if they were restated herein.

54.    Mr. Thomas engaged in constitutionally protected conduct as a private citizen when he spoke out against various actions by the Sheriff and the Clerk and petitioned the Board, the Sheriff, and the Clerk to express concern, seek change, and obtain relief.

55.    The Sheriff's and Clerk's actions, including their timing, effect, and content, were intended to retaliate against Mr. Thomas for exercising his rights to free speech and petition.

56.    The Sheriff admitted that his new policy enacted in December was in response to Mr. Thomas's speech and petitioning before the Board. It was also an attempt not to appear arbitrary. The Clerk offered no non-discriminatory reason for her new policy.

57.    Defendants do not have legitimate or credible non-discriminatory reasons for their actions against Mr. Thomas.

58.    Defendants are state actors.

59.    Defendants' actions violated Plaintiff's First Amendment rights.

### RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Declaratory Relief:

1. Declare that Mr. Thomas retired in good standing as a retired law enforcement officer under the terms of the CPLA;

2. Declare that the Clerk shall grant the application for a renewal of his exempt CPL license that Mr. Thomas proffered to the Clerk in 2024;

3. Declare that the Sheriff revise Policy 140, Post separated employees, dated December 4, 2024, from the Montcalm County  Sheriff Policy and Procedure manual so that it no longer excludes Sheriff's department officers who retired in good standing under the terms of the CPLA, including non-duty disability retirees, and Mr. Thomas in particular, from receiving benefits or documentation related to retirement. Those benefits include, but are not limited to, a Certificate of Retirement for use in a retirement sleeve provided by the union, a retirement plaque, a retirement ID, and, upon request, a letter of retirement in good standing;

4. Declare that the Sheriff revise the December 4, 2024 policy so that retirement ID or letters of retirement in good standing for use with CPLA applications shall not be revoked without just cause;

5. Declare that the Sheriff shall complete Mr. Thomas's Certificate of Retirement for his retirement sleeve using the customary wording and cooperate with the union to complete the retirement sleeve;

6. Declare that the Sheriff shall act consistently with the Court's declaration that Mr. Thomas has retired in good standing.  This would

include, but is not limited to, affirmation when asked in public, such as at Board of Commissioner meetings, in response to press inquiries, or in response to written inquiries, and further declare the Sheriff shall take the necessary actions so that Mr. Thomas's personnel file and records, including listings in MCOLES records, state his status as a retiree in good standing who retired effective December 1, 2019;

7. Declare that the Clerk revoke her policy or practice, announced in her December 16 letter to Mr. Thomas, of accepting only letters of retirement in good standing and refusing retirement IDs as proof of retirement in good standing for applications under the CPLA, and further declare that the Clerk shall comply fully with the terms of the CPLA for what is "acceptable proof";

B. Award Plaintiff compensation for his non-economic damages, including pain, suffering, stress, and anxiety;

C. Award Plaintiff punitive and exemplary damages;

D. Award Plaintiff costs and reasonable attorney fees; and

E. Award Plaintiff such other relief as may be just and equitable.

### COUNT II – VIOLATION OF THE MICHIGAN CONSTITUTION AS TO ALL DEFENDANTS
### Freedom of Speech and Petition

60.    Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

61.    The allegations of Count I, above, are herein incorporated to also state a claim for violation of Mr. Thomas's right to free speech and petition in Article 1, Sections 3 and 5 of the Michigan Constitution.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant the relief stated in the prayers for relief in Count I of this Complaint.

## COUNT III – VIOLATION OF FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AS TO ALL DEFENDANTS
### Violations of Equal Protection and Due Process

62.    Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

63.    The Sheriff intentionally treated Mr. Thomas, as the only non-duty disabled law officer from the Sheriff's department, differently than similarly situated law enforcement officers who retired from the Sheriff's department in good standing, and differently than how Mr. Thomas himself had been treated prior to the Sheriff's actions against him.  There was no rational basis for the difference in treatment.  The Sheriff's true motivation was intentional discrimination or retaliation.

64.    The Clerk intentionally treated Mr. Thomas differently than similarly situated law enforcement officers who retired in good standing from law enforcement positions other than with the Sheriff's department, and differently than how Mr. Thomas had been treated prior to Defendants' actions to retaliate against him.  There was no rational basis for the difference in treatment.  The Clerk's true motivation was intentional discrimination or retaliation.

16

65.    Mr. Thomas had a property interest in a renewed exempt pistol permit because he proffered "acceptable proof" to the Clerk in 2024 when he attempted to apply for the renewal of his exempt CPL license, including a valid, unexpired retirement ID.

66.    Mr. Thomas also had a property interest in receiving a retirement ID because the Sheriff had customarily provided this documentation to law enforcement officers in the Sheriff's department who retired in good standing as defined by the CPLA.

67.    Defendants deprived or denied Mr. Thomas's property interests without due process.

68.    Defendants' actions violated Mr. Thomas's rights to equal protection and due process in the U.S. Constitution, Amendment 14, pursuant to 42 U.S.C. § 1983.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A.  Declare that Defendants must adopt and abide by a policy of non-discrimination for law enforcement officers of the Montcalm Sheriff's department who retire in good standing under the terms of the CPLA;

B.  Plaintiff requests that the Court also grant the relief stated in the prayers for relief in Count I of this Complaint.

**COUNT IV - <u>VIOLATION OF THE MICHIGAN CONSTITUTION AS TO ALL DEFENDANTS</u>**
**Violations of Equal Protection and Due Process**

69.    Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

70.    The allegations of Count III, above, are herein incorporated to also state a claim for violation of Mr. Thomas's rights to equal protection and due process in Article 1, Sections 2 and 17 of the Michigan Constitution.

### RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Declare that Defendants must adopt and abide by a policy of non-discrimination for law enforcement officers of the Montcalm Sheriff's department who retire in good standing under the terms of the CPLA;

B. Plaintiff requests that the Court also grant the relief stated in the prayers for relief in Count I of this Complaint.

### COUNT V – VIOLATION OF THE SECOND AMENDMENT OF THE U.S. CONSTITUTION AS TO ALL DEFENDANTS
**Claims for Infringement on the Right to Bear Arms**

71.    Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

72.    The application process for an exempt CPL license under the CPLA as applied in Montcalm County has given open-ended discretion to the County, through its Clerk and Sheriff.

73.    The Sheriff has enacted policies that treat groups of law enforcement officers who retired in good standing from the Sheriff's department differently and the distinctions are arbitrary. The Sheriff treats the groups differently for providing

retirement ID or letters of retirement in good standing that are needed for "acceptable proof" under the CPLA for applications for an exempt CPL license. Law enforcement officers who retired in good standing with a duty disability are given the needed proof but those who retired in good standing with non-duty disability retirements are never given this proof, even though both satisfy the definition of "retired in good standing" under the CPLA. The Clerk and the Sheriff are also enacting and enforcing policies that allow the Clerk to reject retirement IDs as acceptable proof of retirement in good standing "without exception" despite the terms of the CPLA stating such proof is acceptable. The Sheriff has also claimed in the new policy to have the right to revoke any retirement ID at any time for any reason and even retroactively, which is also inherently subjective and arbitrary.

74.     Defendants exercised this discretion with Mr. Thomas on a retaliatory and discriminatory basis and in conflict with the terms of the CPLA.

75.     Further, the Sheriff's new December 4 policy – that states the Sheriff will provide "acceptable proof" to sheriff department employees who retired with a duty disability but not to those with a nonduty disability – makes a distinction that is not consistent with the nation's historical tradition of firearm regulation.

76.     The arbitrary, subjective, and discriminatory discretion in the County's policies is unconstitutional as applied and infringe upon Mr. Thomas's federal constitutional right to bear arms.

77.     Defendants' actions violated Mr. Thomas's Second Amendment rights.

19

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Declare that Defendants must apply the CPLA in a nondiscriminatory and consistent manner and that does not make distinctions among law enforcement officers of the Montcalm Sheriff's department who retire in good standing that are inconsistent with the nation's historical tradition of firearm regulation, nor inconsistent with the terms of the CPLA, nor that reserve the right for the Sheriff to revoke any retirement ID at any time for any reason and even retroactively without just cause;

B. Plaintiff requests that the Court also grant the relief stated in the prayers for relief in Count I of this Complaint.

## COUNT VI – VIOLATION OF THE MICHIGAN CONSTITUTION AS TO ALL DEFENDANTS
### Claims for Infringement of the Right to Bear Arms

78.    Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

79.    The allegations of Count V, above, are herein incorporated to also state a claim for infringement of Mr. Thomas's right to bear arms under Art. I, § 6 of Michigan's Constitution.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Declare that Defendants must apply the CPLA in a nondiscriminatory and consistent manner and that does not make distinctions among law

enforcement officers of the Montcalm Sheriff's department who retire in good standing that are inconsistent with the nation's historical tradition of firearm regulation, nor inconsistent with the terms of the CPLA, nor that reserve the right for the Sheriff to revoke any retirement ID at any time for any reason and even retroactively without just cause;

B. Plaintiff requests that the Court also grant the relief stated in the prayers for relief in Count I of this Complaint.

## COUNT VII – REQUEST FOR DECLARATORY JUDGMENT OF PRE-EMPTION BY MICH. COMP. LAWS § 123.1102 AS TO ALL DEFENDANTS

80.    Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

81.    The County, through the Sheriff and Clerk and the new policies they enacted, have enacted regulations or attempted to regulate in any manner areas that are addressed and pre-empted by the CPLA. These actions include effectively amending or prohibiting what the CPLA allows as "acceptable proof" for an exempt CPL license, such as a retirement ID. The Sheriff's policy also regulates who may apply and receive an exempt CPL license by prohibiting law enforcement officers in the Sheriff's Department who retire in good standing with non-duty disability from ever receiving an exempt CPL license despite being eligible to do so under the CPLA.

82.    Defendants are pre-empted from doing so by Mich. Comp. Laws § 123.1102, which prohibits a local unit of government from "enact[ing] or enforce[ing] any ordinance or regulation pertaining to, or regulate in any other manner the

ownership, registration, … or possession of pistols … except as otherwise provided by federal law or a law of this state."  Mich. Comp. Laws § 123.1102.

83.    Neither federal nor state law provide an exception to satisfy the "as otherwise provided" language that would permit the Sheriff or the Clerk to have acted in the area covered by the CPLA.

84.    Mr. Thomas has standing to bring this claim because he was unable to obtain an exempt CPL license despite proffering a complete and timely renewal application to the Clerk in 2024 and remains unable to renew his exempt CPL license under the terms of the Defendants' new policies.

### RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Declare that Mich. Comp. Laws § 123.1102 pre-empts Defendants' enactment, enforcement, or any attempt to regulate through its Sheriff and Clerk, areas of pistol registration or possession that covered by Michigan's Concealed Pistol Licensing Act, Mich. Comp. Laws § 428.421, et seq.

B. Award Plaintiff costs and reasonable attorney fees; and

C. Award Plaintiff such other relief as may be just and equitable.

PINSKY SMITH, PC
Attorneys for Plaintiff

Dated: August 4, 2025            By:    /s/ Pamela K. Bratt
                                        Pamela K. Bratt
                                        Sarah Riley Howard
                                        146 Monroe Center N.W., Suite 418
                                        Grand Rapids, MI 49503
                                        (616) 451-8496
                                        showard@pinskysmith.com

## JURY DEMAND

To the extent that jury trial is available as to any of the issues set forth above, Plaintiff hereby demands same.

PINSKY SMITH, PC
Attorneys for Plaintiff

Dated: August 4, 2025          By:      /s/ Pamela K. Bratt
                                        Pamela K. Bratt
                                        Sarah Riley Howard
                                        146 Monroe Center St NW, Suite 418
                                        Grand Rapids, MI 49503
                                        (616) 451-8496
                                        showard@pinskysmith.com